Pennington, J.
— There appears to me, a confusion in the proceedings in this case, respecting the state of demand. The paper signed by the attorney of the plaintiff, as the state of demand, is for $55, for a promissory note; the copy of the note sent up by the justice, is for $50. The entry of the justice in his docket of the sum demanded, is $52. The state of demand cannot be supported without the aid of the copy of the note; and they, differing in material matter, *352 create difficulty [*] in joining them together; and the entry in the justice’s docket of the state of demand, different from the one found in the bundle of papers accompanying the return of the justice, gives rise to suspicion against its authenticity.
[271] But if all this could be got over, yet I am not satisfied respecting the allegation of infancy. Except the state of demand and the plea of payment, and set-off, the pleadings before the justice are, in ordinary cases, ore terms. It appears from the affidavit taken in the cause, that the defendant set up before the justice in his defense, Ms infancy ; that the attorney for the plaintiff admitted it. In this stage of the case, the general principles of law were in his favor. It has been suggested that the plaintiff below,, might have proved that the note was given for necessaries; but I apprehend, that it ought to appear that the plaintiff replied, that the note was given for necessaries; and that the fact was in issue. It appears to me a fair conclusion to be draAvn from the proceedings, before us, that the justice took no notice of the defense set up by the defendant, he made no entry of it. There was but one witness examined on the part of the plaintiffj and that was his attorney; as he did not reside in the county with the defendant, it is not very likely that any evidence, that the note was given for necessaries furnished, was proved by him; besides, it is something difficult to conceive how a boy under age, living in the family of his father, should fairly contract a debt for necessaries to the amount of $55. Infants, brought before a court of justice to.answer for contracts which the law considers them incapable of making, except for necessaries,, are entitled to every reasonable construction in their favor. In this case, an attorney at law was opposed to the infant; hence, I apprehend, we may account for the silence of the record with respect to the infancy of the defendant.
On the whole case, I am of opinion, that judgment be *353 reversed. If the plaintiff has a fair demand, he [*] can commence a new action, and have the facts fairly tried.
Ilornblower, for plaintiff.
Kirkpatrick, C. J., and Ro,shell, J. — Concurred.
Judgment reversed.